**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                     Case No. 07-CR-219

**LARRY LUPTON**
       **Defendant.**

---

## DECISION AND ORDER

Defendant Larry Lupton again moves to dismiss count one of the indictment, which charges him with a violation of 18 U.S.C. § 666(a)(1)(B). That statute provides, in pertinent part:

> Whoever . . .
>
> (1) being an agent of an organization, or of a State, local, or Indian tribal government, or any agency thereof--
> . . .
> (B) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; . . .
>
> shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(B). The government alleges that the State of Wisconsin retained Equis Corporation, which in turn engaged defendant, to act as a real estate broker in connection with the sale of a State building, and that defendant corruptly solicited a kickback from the broker for a potential buyer.

Defendant previously moved to dismiss count one, arguing that he was not an "agent"

under the statute but rather an independent contractor. Section 666 defines the term "agent" as "a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative." 18 U.S.C. § 666(d)(1). I denied the motion, finding that (1) an independent contractor could, as a matter of law, be an agent under § 666(d); (2) the indictment sufficiently alleged that defendant was an agent under § 666(d); and (3) defendant's challenge to the government's proof on this element was properly presented at trial, not by pre-trial motion. (R. 28 at 11-14.)

In his renewed motion, defendant notes that the government has stipulated that the contract between the State and Equis provides that Equis and its employees and agents "shall act in the capacity of an independent contractor and not as an . . . agent of the state. [Equis] agrees to take such steps as may be necessary to ensure that each subcontractor . . . will be deemed to be an independent contractor and will not be considered or permitted to be an agent . . . of the state." (R. 85 Ex. A ¶ 8.0.) Defendant argues that because he was an independent sub-contractor of Equis, and the contract between Equis and the State excluded him from the status of agent for the State, count one must be dismissed.

Defendant is free to present this evidence at trial, and the jury may well accept it. However, as I have previously noted in this case:

> At the pre-trial stage, "the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case." United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988). It is well-settled that a defendant may not, via Rule 12(b), challenge the sufficiency of the evidence of his guilt. See, e.g., United States v. George, 403 F.3d 470, 472 (7th Cir.), cert. denied, 546 U.S. 1008 (2005); Risk, 843 F.2d at 1061; see also Fed. R. Crim. P. 12(b)(2) (stating that the court must be able to decide pre-trial motions "without a trial of the general issue"). In other words, there is no summary judgment analog in criminal cases. See United States v.

2

> Ziong, No. 06-CR-72, 2006 WL 3025651, at *2 (W.D. Wis. July 7, 2006) (collecting cases); see also United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'").

(R. 28 at 6-7.) I could not grant summary judgment for the government on this element if the contract said that defendant was the State's agent. See United States v. Ladish Malting Co., 135 F.3d 484, 490 (7th Cir. 1998) ("A court may not grant summary judgment for the prosecution on any element of a criminal offense, however clearly the element has been established[.]"). I likewise may not under Rule 12 grant pre-trial judgment for defendant based on the language in the contract.

Defendant also cites United States v. Abu-Shawish, 507 F.3d 550 (7th Cir. 2007), but that case is inapposite. Abu-Shawish arose under § 666(a)(1)(A) rather than § 666(a)(1)(B), but assuming that the court's construction of the term "agent" would be the same under both sub-sections, the cases are still distinguishable; the defect in the indictment in Abu-Shawish is simply not present here. In Abu-Shawish, the government failed to allege in the indictment or prove at trial that the defendant was an agent of the organization he defrauded; rather, the government argued that it was sufficient that the defendant was an agent of an organization that received federal funds, and that he obtained the funds in a fraudulent manner. Id. at 555. The court disagreed:

> The plain language of the statute at issue here seems to require that the individual act as an agent on behalf of the organization that he or she defrauded for the purposes of obtaining funds. The statute begins by restricting the criminal activity to an individual who is an agent of "an organization, or of a state, local, or Indian tribal government, or any agency thereof." 18 U.S.C. § 666(a)(1). The statute then defines the criminal activity as embezzling, stealing, obtaining by fraud, "or otherwise without authority knowingly convert[ing] to the use of any person other than the rightful owner or intentionally misappl[ying], property." 18 U.S.C. § 666(a)(1)(A). The following two paragraphs are subordinate to this section and place two requirements on the fraudulently obtained property. The

3

> first limitation is that this property is "valued at $5,000 or more." 18 U.S.C. § 666(a)(1)(A)(i). The second limitation is crucial, in that it requires that the property is "owned by, or is under the care, custody, or control of such organization, government, or agency...." 18 U.S.C. § 666(a)(1)(A)(ii). The phrase "such organization" here clearly refers back to section 1 of the statute, which limits the criminal liability to an agent of an organization. In other words, the agent who is potentially criminally liable must have fraudulently obtained property that is under the care, custody or control of the same organization for which he is an agent.

Id. at 555-56 (footnote omitted). Defendant argues that in this case he could only be an agent of Equis, not of the State. That is a factual issue to be resolved at trial. The indictment alleges (and the government agrees that it must prove) that defendant was an agent of the State, the entity which received the federal funds, and that defendant solicited a kickback intending to be influenced or rewarded in connection with some business or transaction of the State. If the government can prove these facts, defendant may be convicted of violating § 666 under the logic of Abu-Shawish.

For these reasons and those stated in my previous decision,

**IT IS ORDERED** that defendant's motion to dismiss (R. 85) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge